**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HECTOR FABIO VILLEGAS ALVAREZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, ELIZABETH DETENTION CENTER,<br><br>Respondent. | Civil Action No. 26-2766 (MAS)<br><br>**OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Petitioner's habeas petition (ECF No. 1) challenging his ongoing immigration detention. Following an order to answer, the Government filed a response to the petition (ECF No. 6), to which Petitioner has replied (ECF No. 8). Petitioner also filed motions seeking the appointment of counsel (ECF No. 7), and to expedite this matter (ECF No. 9). For the following reasons, Petitioner's habeas petition shall be denied without prejudice, and Petitioner's motions shall be denied without prejudice in light of the denial of his petition.

## I. BACKGROUND

Petitioner is a native and citizen of Colombia who entered the United States on a B2 visitor visa on June 7, 2018. (ECF No. 6-1 at 3.) Under that visa, Petitioner was permitted to remain in the United States for a period not to exceed December 6, 2018. (*Id.*) Petitioner, however, did not timely depart, and instead remained in the Untied States through the current day. (*Id.*)

Petitioner remained at liberty in the United States until February 23, 2025, when he was arrested during a targeted enforcement operation. (*Id.* at 2.) Petitioner was issued a notice to

appear and taken into custody pursuant to 8 U.S.C. § 1226(a). (ECF No. 6-2.) Petitioner has remained detained since that initial arrest. (ECF No. 6-1 at 2-3.) During his detention pursuant to 8 U.S.C. § 1226(a), Petitioner sought and received multiple bond hearings, all of which resulted in bond being denied as Petitioner failed to establish that he was neither a flight risk nor a danger to the community. (*See* ECF Nos. 6-5, 6-6, and 6-7.)

On April 8, 2026, the immigration judge overseeing Petitioner's immigration proceedings ordered Petitioner removed and denied his applications for relief from removal. (ECF No. 6-3.) Although Petitioner appealed that decision, his appeal was dismissed by the Board of Immigration Appeals ("BIA") as untimely filed on June 4, 2026. (ECF No. 6-4.) Because of the dismissal of his appeal, Petitioner's removal order is now administratively final. (*Id.* at 3.)

## II. <u>LEGAL STANDARD</u>

Under 28 U.S.C. § 2241(c), a federal court has jurisdiction over a habeas petition and habeas relief may be extended to a petitioner only if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

## III. <u>DISCUSSION</u>

In this matter, Petitioner challenges his ongoing immigration detention. Petitioner was previously detained under 8 U.S.C. § 1226(a) during the pendency of his removal proceedings. Because Petitioner is now subject to an administratively final order of removal following the dismissal of his appeal to the BIA, he is now subject to detention under 8 U.S.C. § 1231, which applies to aliens subject to final orders of removal.[1] The propriety of his continued detention under

[1] Petitioner is subject to a final order of removal, so any challenge to the propriety of the prior detention period under 8 U.S.C. § 1226(a) would be moot because Petitioner is now subject to detention under § 1231(a). *See, e.g.*, *Ufele v. Holder*, 473 F. App'x 144, 146 (3d Cir. 2012) (the entry of a final order of removal renders any challenge to pre-final order detention period moot).

that statute is controlled by the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 689 (2001). See *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 579 (2022). Under the statute, the Government is required to detain aliens subject to a final order of removal during a 90-day removal period and may detain aliens thereafter for a period of time "reasonably necessary to bring about that alien's removal from the United States. *Johnson*, 596 U.S. at 579; *see also Zadvydas*, 533 U.S. at 689. Detention under the statute is presumptively reasonable, and therefore comports with due process, for a period of up to six months, including the 90-day removal period, after which an alien may challenge his detention by showing that "there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Only after this presumptively reasonable six-month period expires may such a challenge be raised, however, and any challenge to detention under the statute prior to the expiration of the six-month presumptively reasonable period must therefore be denied as premature. *Id.*

In this matter, Petitioner received a final removal order on either May 7, 2026, when he failed to timely effect his appeal of his removal order, or approximately a month later, on June 4, 2026, when the BIA formally determined that his appeal was untimely and dismissed the appeal as such. Regardless of which of those two dates apply, Petitioner is well within the six-month presumptively reasonable period, and this Court is required by Supreme Court precedent to find his detention presumptively reasonable under the statute and therefore lawful. *Johnson*, 596 U.S. at 579; *Zadvydas*, 533 U.S. at 689-701. Petitioner's current period of detention under § 1231(a) is thus presumptively lawful and comports with Due Process, and Petitioner's challenge to that detention must be denied as premature at this time.

In addition to the challenge to his detention, Petitioner sought relief in this habeas matter based on alleged inadequate medical care for ongoing spinal issues related to a 2020 work accident and subsequent surgery Petitioner underwent in July 2023. (*See* ECF No. 1; ECF No. 1-1 at 13;

ECF No. 8-1 at 2.) Courts addressing habeas petitions may address a claim challenging a detainee's conditions of confinement only in "extreme cases," and a court lacks jurisdiction to consider such a claim in the ordinary case. *See Folk v. Warden Schuykill FCI*, No. 23-1935, 2023 WL 5426740, at *1-2 (3d Cir. Aug. 23, 2023) (quoting *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 324 (3d Cir. 2020)). Here, Petitioner seeks to challenge the level and manner of care being provided for the pain stemming from past injuries and surgeries while detained for immigration proceedings. His medical claims are far shy of the "extreme" case cited in *Hope* – which dealt with challenges to detention during an ongoing and unprecedented pandemic. As Petitioner has not shown sufficiently "extreme" circumstances, this Court lacks jurisdiction over his medical conditions of confinement claim. *Id.* That claim is therefore dismissed for lack of jurisdiction. To the extent Petitioner wishes to pursue a medical claim, he must do so through the filing of an appropriate civil rights complaint, not through a habeas proceeding.

As Petitioner's challenge to his detention is premature, as any challenge to Petitioner's prior detention under § 1226(a) is moot in light of Petitioner's now final removal order, and as this Court lacks habeas jurisdiction over Petitioner's medical claims, Petitioner's habeas petition is denied. Petitioner's motion to expedite (ECF No. 9) and motion seeking the appointment of counsel (ECF No. 7) are denied without prejudice in light of the denial of his petition.

## IV. CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DENIED WITHOUT PREJUDICE** and Petitioner's motions seeking appointed counsel (ECF No. 7) and

to expedite this matter (ECF No. 9) are **DENIED WITHOUT PREJUDICE** in light of the denial of his habeas petition. An order consistent with this Opinion will be entered.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

**Dated:** September 2, 2026